LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 504-3933
toddleras@gmail.com
Attorney for Defendant
ATHANASIOS DIMOU

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ATHANASIOS DIMOU, <br><br> Defendant. | Case No.: 2:16-CR-133 TLN <br><br> STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT <br><br> Date: May 14, 2020 <br> Time: 9:30 a.m. <br> Court: Hon. Troy L. Nunley |

Plaintiff United States of America by and through Assistant United States Attorney James Conolly, and Attorney Todd Leras on behalf of Defendant Athanasios Dimou, stipulate as follows:

1. This matter is presently set for status conference/change of plea hearing on March 26, 2020. The parties continued the matter by prior stipulation, from March 12, 2020, to allow defense counsel an opportunity to review a revised plea agreement with Mr.

ORDER CONTINUING STATUS CONFERENCE

Dimou. During this two-week period national events have unfolded related to the declaration of a national emergency addressing the spread of COVID-19. Federal and state authorities issued increasingly restrictive directives to limit large gatherings of people. Defendant Dimou requests to continue this matter to May 14, 2020.

2. Defendant Dimou is being held at the Wayne Brown Correctional Facility in Nevada City, California ("Nevada County Jail"), a facility approximately 65 miles from downtown Sacramento. The Nevada County Jail permitted social visits to inmates to continue despite the warnings by the Centers for Disease Control (CDC) about the spread of COVID-19.

3. Defense counsel, heeding the CDC advice to limit social interactions, reduced visits to detained clients during the period covered by the most recent continuance. This included avoiding visits to the Nevada County Jail, which requires check-in at a public counter. In addition, the confidential booths at the Nevada County Jail require entry through a common area used by social visitors. These circumstances, according to the CDC, increase the risk of spreading COVID-19.

4. On March 16, 2020, the Court issued General Order 611, which addresses public health concerns stemming from the spread of COVID-19. General Order 611 attempts to limit court appearances to essential matters. Given the circumstances related to the threat posed by COVID-19, defense counsel needs additional time to review a revised plea agreement expected from the government in the next week. Defense counsel represents that Mr. Dimou's matter does not appear to be an essential matter within the meaning of General Order 611. The continuance is

ORDER CONTINUING STATUS CONFERENCE

requested by defense counsel and Mr. Dimou to reduce the risk of spreading COVID-19, including during transportation of Mr. Dimou from Nevada City to Sacramento. The continuance further allows preparation for a change of plea to occur at a time when the threat of COVID-19 subsides. Defense counsel intends to continue legal research and defense investigation of sentencing mitigation during the intervening period.

5. Based on the above-stated facts, Defendant Dimou requests that the Court find that the ends of justice served by continuing the case as requested outweigh the best interest of the public and the Defendant in a trial within the time prescribed by the Speedy Trial Act.

6. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of March 26, 2020 to May 14, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), and (B) (iv) [Local Code T-4] because it results from a continuance granted by the Court at Defendant Dimou's request on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

ORDER CONTINUING STATUS
CONFERENCE

Assistant U.S. Attorney James Conolly has reviewed this proposed order and authorized Todd Leras via email to sign it on his behalf.

DATED: March 18, 2020

By   */s/ Todd D. Leras for*
    JAMES CONOLLY
    Assistant United States Attorney

DATED: March 18, 2020

By   */s/ Todd D. Leras*
    TODD D. LERAS
    Attorney for Defendant
    ATHANASIOS DIMOU

ORDER CONTINUING STATUS CONFERENCE

**ORDER**

BASED ON THE REPRESENTATIONS AND STIPULATION OF THE PARTIES, it is hereby ordered that the status conference/change of plea hearing in this matter as to Athanasios Dimou, scheduled for March 26, 2020, is vacated. A new status conference/change of plea hearing for Athanasios Dimou is scheduled for May 14, 2020, at 9:30 a.m. The Court further finds, based on the representations of the parties and Defendant Dimou's request, that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(iv) and Local Code T-4, to allow necessary attorney preparation taking into consideration the exercise of due diligence for the period from March 26, 2020, up to and including May 14, 2020.

IT IS SO ORDERED.

DATED: March 19, 2020

Troy L. Nunley
United States District Judge

ORDER CONTINUING STATUS CONFERENCE