LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 504-3933
toddleras@gmail.com
Attorney for Defendant
ATHANASIOS DIMOU

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ATHANASIOS DIMOU,<br><br>Defendant. | Case No.: 2:16-cr-133 TLN<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING PLEA HEARING; FINDINGS AND ORDER<br><br>Date:      July 30, 2020<br>Time:      9:30 a.m.<br>Court:     Hon. Troy L. Nunley |

Defendant Athanasios Dimou is charged by Indictment with Conspiracy to Distribute Methamphetamine (Count One) and three additional drug distribution charges (Counts 5, 6, and 8). On July 30, 2020, Defendant Dimou intends to plead guilty to Count One pursuant to the terms of a written plea agreement.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

United States and Chief District Judges to authorize plea and sentencing hearings by video or telephone conference 1) when such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub.L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act,  concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with  respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally:

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety."  On June 29, 2002, the Chief Judge renewed this finding in General order 620. Accordingly, the findings of the Judicial Conference and General Orders 614 and 620 establish that plea and sentencing hearings cannot safely take place in person.

In order to authorize plea hearings by remote means, however, the CARES Act, as implemented by General Order 614 and 620 – also required district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice."  General Orders 614 and 620 further require that the defendant consent to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available."  In

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Orders 614 and 620 have been satisfied in this case. They request the Court enter an order making the specific findings required by the CARES Act and General Orders 614 and 620. Specifically, for the reasons set forth below, the parties agree that:

1. The plea hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California and the need in this case, which was indicted in 2016, to proceed in a timely manner;

2. The defendant waives his physical presence at the hearing and consents to remote hearing by videoconference and counsel joins in that waiver.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and Defendant Athanasios Dimou, by and through his counsel of record, hereby stipulate as follows:

1. California Governor Gavin Newsom declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, President Donald J. Trump issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. The Centers for Disease Control and Prevention (CDC) and other public health authorities, in their continuing guidance for slowing the spread of COVID-19, have suggested that the public avoid social gatherings in groups of more than 10 people and practice social distancing (within about six feet) between individuals.

4. These social distancing guidelines – which are essential to combatting the virus – are

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

generally not compatible with holding in-person court hearings.

5.  On March 17, 2020, this Court issued General Order 611, noting the emergency declarations of the President and Governor of California, the CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and to practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6.  On March 18, 2020, General Order 612 issued.  The Order closed each of the courthouses in the Eastern District of California to the public.  It further assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7.   On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 2174(d), based on the District's "critically low resources across its heavy caseload."  The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined how the District's caseload (the District currently ranks first in the Ninth Circuit and eight nationally in weighted findings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and one is without a nomination).  The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8.  On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9.   Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

10.  The plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice.  If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

11.  Under CARES Act § 15002(b), Defendant Athanasios Dimou consents to proceed with his change of plea hearing by video-teleconference.  Counsel joins in this consent. Assistant U.S. Attorney James Conolly has reviewed this stipulation and authorized (via email) Todd D. Leras to sign it on his behalf.

IT IS SO STIPULATED.

DATED:  July 14, 2020

McGREGOR W. SCOTT
United States Attorney

By ___*/s/ Todd D. Leras for*_____
   JAMES CONOLLY
   Assistant United States Attorney

DATED:  July 14, 2020

By ___*/s/ Todd D. Leras*_____
   TODD D. LERAS
   Attorney for Defendant
   ATHANASIOS DIMOU

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING

**FINDNGS AND ORDER**

1.   The Court adopts the findings and stipulations above.

2.   Further, the Court specifically finds that:

    a)   The plea hearing in this case cannot be further delayed without serious harm to the interests of justice.

    b)   The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference; and

3.   Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Orders 614 and 620, the plea hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

DATED:  July 28, 2020

_____
Troy L. Nunley
United States District Judge

ORDER RE USE OF VIDEOCONFERENCING
DURING CHANGE OF PLEA HEARING